1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11

12  Nate Dubbs                    )    CV 14-346 RSWL (MRWx)
                                  )
13                                )    **ORDER RE: DEFENDANT**
                   Plaintiff,     )    **GLENMARK GENERICS INC.,**
14                                )    **USA'S MOTION TO DISMISS**
        v.                        )    **PLAINTIFF'S COMPLAINT**
15                                )    **[12]**
                                  )
16  Glenmark Generics Ltd.;       )
    Glenmark Generics Inc. USA;   )
17  and Does 1 through 50,        )
    inclusive                     )
18                                )
                                  )
19               Defendants.      )
                                  )
20                                )
                                  )
21                                )
                                  )
22  _____ )

23      Currently before the Court is Defendant Glenmark

24  Generics Inc., USA's ("Defendant GGI") Motion to

25  Dismiss Plaintiff's Complaint [12].  Plaintiff Nate

26  Dubbs ("Plaintiff") filed his Opposition on March 4,

27  2014 [13].  Defendant GGI filed its Reply on March 12,

28  2014 [14].  This matter was taken under submission on

                                 1

April 7, 2014 [17].  The Court, having reviewed all
papers and arguments submitted pertaining to this
Motion, **NOW FINDS AND RULES AS FOLLOWS:** The Court
**GRANTS** Defendant GGI's Motion.

## I. BACKGROUND

Plaintiff is an adult male residing in California.
See First Amended Compl. ("FAC") ¶¶ 1, 17-20.
Defendant Glenmark Generics Ltd. is a foreign business
headquartered in Mumbai, India, but doing business in
California.  Id. at ¶ 2.  Defendant GGI is a Delaware
corporation headquartered in New Jersey, but apparently
also does business in California.  Id. at ¶¶ 3, 14, 16;
Notice of Removal ¶ 17.

Plaintiff alleges that Defendants manufactured and
placed into the stream of commerce defective birth
control pills.  FAC ¶¶ 4-14.  Specifically, Defendants
erroneously packaged the birth control pills such that
the weekly orientation was reversed, thereby rendering
the pills ineffective.  Id. at ¶¶ 18, 20.  Plaintiff's
ex-girlfriend received and used the Defendants'
defective birth control pills.  Id. at ¶¶ 15, 17, 19.
Plaintiff's ex-girlfriend not only took the pills as
directed, but also represented as much to Plaintiff
during their relationship.  Id. at ¶ 19.  As a result
of the Defendants' manufacturing and packaging errors,
however, Plaintiff's ex-girlfriend became pregnant and,
on July 5, 2012, gave birth to Plaintiff's son.  Id. at
¶ 20.

1   Plaintiff now claims that he has suffered damages
2   resulting from his ex-girlfriend's unintended
3   pregnancy.  Id.  Such damages include the costs he has
4   incurred in custody disputes, child rearing, and child
5   support, his loss of capacity to enjoy life, loss of
6   earnings, and other money spent on the unintended
7   pregnancy.  Id. at ¶¶ 21, 36.
8   Consequently, Plaintiff brings claims against
9   Defendants for (1) products liability, (2) negligence,
10  and (3) violation of the CLRA.  Id. at ¶¶ 22-45.
11  Plaintiff filed his Complaint against Defendants on
12  October 7, 2013 in California state court [1].
13  Defendant GGI, with Defendant Glenmark Generics Ltd.'s
14  consent, removed this Action on January 15, 2014 [1].

15                      **II. LEGAL STANDARD**
16  **A.  Motion to Dismiss Pursuant to Rule 12(b)(6)**
17  Federal Rule of Civil Procedure 12(b)(6) allows a
18  party to move for dismissal of one or more claims if
19  the pleading fails to state a claim upon which relief
20  can be granted.  Dismissal can be based on a lack of
21  cognizable legal theory or lack of sufficient facts
22  alleged under a cognizable legal theory.  Balistreri v.
23  Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.
24  1990).  However, a party is not required to state the
25  legal basis for its claim, only the facts underlying
26  it.  McCalden v. Cal. Library Ass'n, 955 F.2d 1214,
27  1223 (9th Cir. 1990).  In a Rule 12(b)(6) motion to
28  dismiss, a court must presume all factual allegations

1    of the complaint to be true and draw all reasonable
2    inferences in favor of the non-moving party.  <u>Klarfeld</u>
3    <u>v. United States</u>, 944 F.2d 583, 585 (9th Cir. 1991).

4        The question presented by a motion to dismiss is
5    not whether the plaintiff will prevail in the action,
6    but whether the plaintiff is entitled to offer evidence
7    in support of its claim.  <u>Swierkiewica v. Sorema N.A.</u>,
8    534 U.S. 506, 511 (2002).  "While a complaint attacked
9    by a Rule 12(b)(6) motion to dismiss does not need
10   detailed factual allegations, a plaintiff's obligation
11   to provide the 'grounds' of his 'entitle[ment] to
12   relief' requires more than labels and conclusions, and
13   a formulaic recitation of a cause of action's elements
14   will not do."  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S.
15   544, 555 (2007) (internal citation omitted).  Although
16   specific facts are not necessary if the complaint gives
17   the defendant fair notice of the claim and the grounds
18   upon which the claim rests, a complaint must
19   nevertheless "contain sufficient factual matter,
20   accepted as true, to state a claim to relief that is
21   plausible on its face."  <u>Ashcroft v. Iqbal</u>, 556 U.S.
22   662, 678 (2009) (internal quotation marks omitted).

23       If dismissed, a court must then decide whether to
24   grant leave to amend.  The Ninth Circuit has repeatedly
25   held that a district court should grant leave to amend
26   even if no request to amend the pleadings was made,
27   unless it determines that the pleading could not
28   possibly be cured by the allegation of other facts.

                                    4

1   Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

2                          **III. ANALYSIS**

3   **A.   California Law Applies to the Issues Raised in**

4        **Defendant GGI's Motion**

5        Federal courts sitting in diversity apply state

6   substantive law and federal procedural law.  See Erie

7   R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938).  This

8   Action was removed to this Court on the basis of

9   diversity jurisdiction.  See Dkt. # 1 ¶ 16.  The

10  Parties do not dispute that California law applies to

11  the issues raised in Defendant GGI's Motion.  See Mot.

12  5:11-18; Opp'n 5:27-6:2.  As such, the Court applies

13  California law in resolving the instant Motion.

14  **B.   Damages may be Recovered in California for**

15       **"Wrongful Birth" or "Wrongful Pregnancy"**

16       As a preliminary matter, it is clear that

17  California recognizes that in certain situations,

18  damages may be recovered for "wrongful birth" or

19  "wrongful pregnancy."  See Stills v. Gratton, 55 Cal.

20  App. 3d 698, 709 (1976); Custodio v. Bauer, 251 Cal.

21  App. 2d 303, 326 (1967); see also Manion v. Vintage

22  Pharm. LLC, No. C-13-2996 EMC, 2013 WL 5645159, at *4-5

23  (N.D. Cal. Oct. 16, 2013); Turpin v. Sortini, 31 Cal.

24  3d 220, 226-27 (1982) (citing Stills and Custodio with

25  approval); Morris v. Frudenfeld, 135 Cal. App. 3d 23,

26  30 (1982).  In such actions, the parents of a healthy

27  child bring suit in tort against a healthcare provider

28  for that provider's failed sterilization procedure on

                                5

1  one of the parents.  See Turpin, 31 Cal. 3d at 226;
2  Manion, 2013 WL 5645159, at *4-5; 62A Am. Jur. 2d
3  Prenatal Injuries, Etc. § 53 (2014).
4      For example, in Custodio, a husband and wife sued
5  three physicians, alleging that the doctors had
6  negligently performed an operation meant to sterilize
7  the wife and that subsequent to the procedure the wife
8  became pregnant.  Custodio, 251 Cal. App. 2d at 307-08.
9  The court held that the plaintiffs' negligence claims
10 were sufficiently pleaded in that they had generally
11 pleaded a malpractice claim against the defendants.
12 Id. at 313.  The court held that the plaintiffs'
13 allegations were sufficient to show proximate cause -
14 i.e. that pregnancy was a foreseeable consequence of
15 defendants' alleged malpractice.  Id. at 316-17.
16 Finally, after exhaustively examining case law on the
17 subject, the court held that if plaintiffs were
18 "successful on the issue of liability, they have
19 established a right to more than nominal damages."  Id.
20 at 325.
21      Defendant GGI does not dispute the validity of this
22 line of California authority.  See Reply 7:2-8:14.
23 Instead, Defendant GGI argues that these cases simply
24 stand for the proposition that damages may be
25 recoverable for the birth of a healthy, but unplanned,
26 child if negligence can be proven.  Id.  Defendant GGI
27 contends, however, that these cases do not dispense
28 with traditional tort requirements.  Id.

**C.   Is An Accompanying Physical Injury Required for a Wrongful Birth Action?**

Defendant GGI argues that Plaintiff's tort claims fail because Plaintiff has not personally suffered any physical injury.  See Mot. 7:7-19.  The gist of Defendant GGI's argument is that even accepting that California recognizes that damages may be recovered for a "wrongful pregnancy" (Reply 8:10-12), such a claim still requires Plaintiff to establish an underlying tort (Reply 8:12-14).  Defendant GGI argues that because physical injury is a necessary element of both negligence and strict products liability claims, and because Plaintiff cannot plausibly allege a physical injury, Plaintiff's tort claims must fail.  Id. at 8:12-14.

California cases have generally applied the economic loss rule to limit liability in strict products liability or negligence actions to damages for physical injuries, barring recovery for economic loss alone.[1]  See Jimenez v. Superior Court, 29 Cal. 4th 473,

---

[1] Economic loss "has been defined as damages for inadequate value, costs of repair and replacement of the defective product or consequent loss of profits—without any claim of personal injury or damages to other property." N. Am. Chem. Co. v. Superior Court, 59 Cal. App. 4th 764, 777 n.8 (1997) (quoting Sacramento Reg'l Transit Dist. v. Grumman Flxible, 158 Cal. App. 3d 289, 294 (1984)); Frank M. Booth, Inc. v. Reynolds Metals Co., 754 F. Supp. 1441, 1449 n.4 (E.D. Cal. 1991).  Economic loss may include "loss of expected proceeds, lost opportunities . . . and damages

7

482 (2002) ("recovery under the doctrine of strict liability is limited solely to "physical harm to person or property"); <u>Aas v. Superior Court</u>, 24 Cal. 4th 627, 640 (2000) (confirming that the economic loss doctrine applies to negligence claims); <u>Cnty. of Santa Clara v. Atl. Richfield Co.</u>, 137 Cal. App. 4th 292, 318 (2006) ("One thing is clear: economic loss alone, without physical injury, does not amount to the type of damage that will cause a negligence or strict liability cause of action to accrue"); <u>San Francisco Unified Sch. Dist. v. W.R. Grace & Co.</u>, 37 Cal. App. 4th 1318, 1327 (1995) ("Until physical injury occurs–until damage rises above the level of mere economic loss–a plaintiff cannot state a cause of action for strict liability or negligence").

Here, Plaintiff has not alleged that he has suffered any physical harm as a result of Defendant GGI's actions.  Rather, Plaintiff's negligence and strict liability claims stem from alleged physical injury to Plaintiff's ex-girlfriend (in the form of her pregnancy).  <u>See</u> FAC ¶ 20.  In this respect, Plaintiff has not alleged any personal physical injury as required by California's economic loss rule.

Instead, Plaintiff seeks "reimbursement of monies spent for an unwanted pregnancy, costs incurred in custody disputes, and costs incurred in child rearing

---

paid to third parties as a result of defendant's negligence."  <u>Id.</u>

8

and support." Id. at ¶¶ 21, 36.   In short, Plaintiff
seeks recovery solely for economic loss - injuries
precluded by California law in the absence of physical
injury.

Plaintiff argues, however, that the economic loss
rule does not apply here.   Opp'n 8:5.   Plaintiff
emphasizes that the economic loss rule distinguishes
between instances where "recovery lies in contract for
damage to the product or in tort for damage to other
persons or property."   Id. at 10:25-26.

As a preliminary matter, to the extent Plaintiff
argues that the economic loss rule does not apply when
a plaintiff lacks contractual privity with a defendant,
that proposition is clearly belied by California law.
See Ott v. Alfa-Laval Agri, Inc., 31 Cal. App. 4th
1439, 1454 (1995) ("privity or the absence of privity
is not a controlling factor" in cases where a plaintiff
seeks to recover economic losses in tort without
physical injury); Anthony v. Kelsey-Hayes Co., 25 Cal.
App. 3d 442, 446-47 (1972) ("Negligence: In California,
the only kinds of damages caused by negligence which
may be recovered from a defendant not in privity with
plaintiff are for bodily injury and physical damage.").
A party is not allowed to recover in tort simply
because he does not have a contractual remedy in these
types of cases.

Plaintiff cites, however, to the Restatement
(Third) of Torts: Products Liability § 21 for the

proposition that he can recover for economic loss because the harm was to "the person of another" – his ex-girlfriend.  Opp'n 10:27-11:18.   In short, Plaintiff argues that the economic loss rule does not apply because he has alleged an injury to his ex-girlfriend, and that injury "interferes with an interest of [his] protected by tort law."  Restatement (Third) of Torts: Prod. Liab. § 21.   That interest, Plaintiff contends, is the emotional and economic harm suffered as a result of his ex-girlfriend's pregnancy and the birth of his child.  Opp'n 11:13-18.  Plaintiff claims that such an interest is recognized and protected by California tort law as stated in <u>Custodio</u> and <u>Stills</u>.  <u>Id.</u> at 11:18-19.

Both <u>Custodio</u> and <u>Stills</u> are distinguishable. Unlike in this Action, the mothers were plaintiffs in those cases.  <u>See</u> <u>Stills</u>, 55 Cal. App. 3d at 700; <u>Custodio</u>, 251 Cal. App. 2d at 307.  The economic loss rule simply was not at issue as no question existed regarding physical injury – the defendants not only conducted medical procedures on the plaintiffs, but the plaintiffs also became pregnant or remained pregnant following the unsuccessful procedures.   Furthermore, in <u>Custodio</u> and in <u>Stills</u>, there was no question that the defendants owed the plaintiffs a duty of care under a theory of medical malpractice.[2]   <u>See</u> <u>Stills</u>, 55 Cal.

_____

[2] Further distinguishing <u>Custodio</u> is the fact that in that case, the defendants chose not to attack the sufficiency of plaintiffs' malpractice claims, but

App. 3d at 704-05; <u>Custodio</u>, 251 Cal. App. 2d at 311-
13.  In contrast, here, pursuant to the economic loss
rule, a manufacturer is normally not under a duty of
care to avoid economic injury to prospective purchasers
absent physical injury.  <u>See</u> <u>Fieldstone Co. v. Briggs</u>
<u>Pluming Prods., Inc.</u>, 54 Cal. App. 4th 357, 368-69.
Simply put, <u>Custodio</u> and <u>Stills</u> only stand for the
proposition that "California law now permits a mother
to hold medical personnel liable for their negligent
failure to prevent or to terminate a pregnancy."  <u>Foy</u>
<u>v. Greenblott</u>, 141 Cal. App. 3d 1, 8 (1983).  Such is
not the case here.

Pursuant to the economic loss rule, Plaintiff is
prevented from pursuing his tort claims.

**D.  Is there a "Special Relationship" Between Plaintiff
and Defendant GGI to Permit Plaintiff to Recover
Economic Losses?**

Plaintiff cites to <u>J'Aire Corp. v. Gregory</u>, 24 Cal.
3d 799 (1979) for the proposition that economic
damages, standing alone, may be recovered in negligence
or product liability actions even in the absence of
physical injury.  Opp'n 11:23-12:1.

To a certain extent, <u>J'Aire Corp.</u> and its progeny
do stand for this proposition.  Specifically, "economic

instead argued only that plaintiffs' claims should be
barred "on the grounds of public policy, lack of
proximate cause, and absence of legally cognizable
damages."  <u>Custodio</u>, 251 Cal. App. 2d at 313.

11

damages, standing alone, can be recovered under some
circumstances in an action for negligence" where "the
parties have a 'special relationship.'" <u>Ott</u>, 31 Cal.
App. 4th at 1448 (citing <u>J'Aire Corp.</u>, 24 Cal. 3d at
804); <u>City and Cnty. of San Francisco v. Philip Morris,</u>
<u>Inc.</u>, 957 F. Supp. 1130, 1143 (N.D. Cal. 1997)).

     For example, in <u>J'Aire Corp.</u>, the appellant was a
lessee who sued the respondent, a general contractor,
for damages, where the respondent negligently delayed
in completing a construction project. <u>J'Aire Corp.</u>, 24
Cal. 3d at 802. Respondent had entered into a contract
to install heat and air conditioning at a site owned by
the County of Sonoma and leased to appellant. <u>Id.</u>
Although appellant requested that respondent complete
the construction promptly, the work was not completed
within a reasonable period, thereby resulting in
appellant's lost profits and loss of business. <u>Id.</u>

     In this situation, the <u>J'Aire Corp.</u> court held that
"[w]here a special relationship exists between the
parties, a plaintiff may recover for loss of expected
economic advantage through the negligent performance of
a contract although the parties were not in contractual
privity." <u>Id.</u> at 804. The court explained that in
evaluating such claims, to determine whether a
defendant owed a plaintiff a duty due to a "special
relationship," a court should evaluate six factors:

          (1) the extent to which the transaction was
          intended to affect the plaintiff, (2) the

foreseeability of harm to the plaintiff, (3) the
degree of certainty that the plaintiff suffered
injury, (4) the closeness of the connection
between the defendant's conduct and the injury
suffered, (5) the moral blame attached to the
defendant's conduct and (6) the policy of
preventing future harm.

Id.  After applying these factors, the court held that
the respondent owed the appellant a duty to diligently
complete construction.  Id. at 805.

In Ott, plaintiffs, the owners of a dairy farm,
sued defendants, the manufacturers of an automatic
milking system, for, inter alia, the negligent
manufacture of a milking system.  Ott, 31 Cal. App. 4th
at 1441.  After plaintiffs installed defendants' new
milking system in 1985, they noticed various problems,
such high somatic cell counts and shorter milking
periods.  Id. at 1442-43.  Plaintiffs became convinced
that the problems were caused by stray voltage emitted
from the defendants' milking system.  Id. at 1443.

The Ott court held that no special relationship
between defendants and plaintiffs existed to impose a
duty on defendants to prevent plaintiffs' economic
loss.  Id. at 1455-56.  In particular, the court
reasoned that the transaction was not "intended to
affect" the plaintiffs in a way particular to the
plaintiffs "as opposed to all potential purchasers of
the equipment."  Id. at 1455.  Such, the court

13

explained, was a necessary prerequisite to a finding of
a special relationship.  _Id._ at 1455-56.  Next, the
court reasoned that the injury was not foreseeable.
_Id._ at 1456.  As such, the court held that economic
damages were properly disallowed on plaintiffs'
negligence claim.  _Id._ at 1457.

As the _Ott_ decision makes clear, "a critical
foundational requirement for finding a special
relationship is whether the third-party transaction was
intended to affect the plaintiff in a particular way."
_Platte Anchor Bolt, Inc. v. IHI, Inc._, 352 F. Supp. 2d
1048, 1054 (N.D. Cal. 2004) (citing _Ott_, 31 Cal. App.
4th at 1455-56); _Greystone Homes, Inc. v. Midtec, Inc._,
168 Cal. App. 4th 1194, 1230-31 (2008); _Desert
Healthcare Dist. v. PacifiCare FHP, Inc._, 94 Cal. App.
4th 781, 792 (2001).  In other words, if "the
manufacturer had _specific knowledge_" of a particular
party, then that party could potentially go forward
with a tort action.  _Id._  Barring that, simply because
economic injury is a foreseeable outcome of a
particular action is insufficient in and of itself to
support a finding of a "special relationship" and,
consequently, the imposition of a duty to prevent such
economic harm.  _See_ _Worldvision Enter., Inc. v. Am.
Broad. Co., Inc._, 142 Cal. App. 3d 589, 596 (1983)
(holding that no special relationship existed where,
even assuming that the harm to plaintiff was
foreseeable, other _J'Aire Corp._ test factors weighed

14

against the imposition of a duty).

Here, Plaintiff has not alleged that the relevant transaction - Defendant GGI's manufacture and distribution of the allegedly negligently packaged birth control pills - was intended to affect him a particular fashion.  If anything, Plaintiff's allegations make clear that Defendant GGI did not specially make the birth control pills for his benefit. Under the facts as currently alleged, Plaintiff's tort claims fail.  As such, the Court **DISMISSES** Plaintiff's negligence and product liability claims.

Nevertheless, the Court finds that Plaintiff's claims could possibly be cured by alleging additional facts.  For this reason, the Court grants Plaintiff **twenty days leave to amend**.

**E.   Is Plaintiff a Consumer under the CLRA?**

Plaintiff also brings a claim against Defendants for violation of the CLRA.  FAC ¶¶ 37-45.

"The CLRA makes illegal various 'unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to or which results in the sale or lease of goods or services to any consumer.'"  Viggiano v. Hansen Natural Corp., 944 F. Supp. 2d 877, 884-85 (C.D. Cal. 2013) (quoting Cal. Civ. Code § 1770(a)).  "The CLRA provides protection to a specific category of consumers from damages suffered in connection with a consumer transaction."  Robinson v. HSBC Bank USA, 732 F. Supp.

2d 976, 987 (N.D. Cal. 2010).  "A violation of the CLRA may only be alleged by a consumer."  In re Facebook Litig., 791 F. Supp. 2d at 717 (citing Von Grabe v. Sprint PCS, 312 F. Supp. 2d 1285, 1303 (S.D. Cal. 2003)); see also Ting v. AT&T, 319 F.3d 1126, 1148 (9th Cir. 2003).  "Under the CLRA, a 'consumer' is an individual who purchase or leases any goods or services for personal, family, or household purposes."  Id. (citing Schauer v. Mandarin Gems of California, Inc., 125 Cal. App. 4th 949, 960 (2005)).  Moreover, in order to qualify as a consumer under the CLRA, "the plaintiff must have acquired or attempted to acquire the goods or services in the transaction at issue."  Kleffman v. Vonage Holdings Corp., No. CV 07-2406GAFJWJX, 2007 WL 1518650, at *4 (C.D. Cal. May 23, 2007) (citing Schauer, 125 Cal. App. 4th at 960).

The only transaction alleged by Plaintiff is his ex-girlfriend's purchase of the allegedly defective birth control pills.  See FAC ¶¶ 14-21.  Although Plaintiff alleges that he relied upon their advertised effectiveness (FAC ¶ 19), he does not allege that he sought to purchase the pills.  Without any allegations that Plaintiff personally acquired or attempted to acquire the birth control pills at issue here, his CLRA claim necessarily must fail.  See Balsam v. Trancos, Inc., 203 Cal. App. 4th 1083, 1106-09 (2012). Accordingly, the Court **DISMISSES** Plaintiff's CLRA claim.

1    Nevertheless, the Court grants Plaintiff leave to
2    amend because it is appears that Plaintiff's complaint
3    could potentially be cured by the allegation of
4    additional facts.  The Court grants Plaintiff **twenty**
5    **days leave to amend.**

6                           **IV. CONCLUSION**

7         For the foregoing reasons, the Court **GRANTS**
8    Defendant GGI's Motion to Dismiss.  Because Plaintiff
9    has failed to allege that he suffered a physical injury
10   or that he has a special relationship with Defendant
11   GGI, Plaintiff's products liability and negligence
12   claims are hereby **DISMISSED with 20 days leave to**
13   **amend**.  Because Plaintiff has failed to allege facts
14   indicating that he is a consumer under the CLRA,
15   Plaintiff's CLRA claim is **DISMISSED with 20 days leave**
16   **to amend.**

17
18
19   **IT IS SO ORDERED.**
20   DATED: May 9, 2014
21
22                          RONALD S.W. LEW
                            _____
23                          **HONORABLE RONALD S.W. LEW**
                            Senior U.S. District Judge
24
25
26
27
28

                               17